FERNANDO SIERRA BERDECÍA, COMMISSIONER OF LABOR OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ CUEVAS MARTÍNEZ, Defendant and Appellant.

No. 10272. Argued February 2, 1951.—Decided February 12, 1951.

*Enrique Báez García* for appellant.  *Ramón Cancio, Joaquín Gallart Mendía* and *Pedro Santana,* counsel for the Department of Labor, for appellee.

MR. JUSTICE SNYDER delivered the opinion of the Court.

A representative of the Department of Labor issued a subpoena requiring the defendant-employer to produce before him the payrolls for his business for a specific period covering two of his employees and the receipts he claims to have from these employees showing full payment of their salaries for the period in question.  The defendant refused to produce the documents.  On petition of the Commissioner, after a hearing thereon, the district court entered an order requiring the defendant under pain of contempt to comply with the subpoena of the Commissioner.  The defendant has appealed from the order of the district court.[1]

The appellant assigns two errors.  First, the lower court could not enter such an order "without any complaint existing against the defendant".  Second, § 5 of Act No. 15, Laws of Puerto Rico, 1931, as amended by Act No. 24, Laws of Puerto Rico, 1949, First Special Session, is unconstitutional insofar as it obliges an employer to deliver to the Commissioner of Labor documents which are defense evidence before a complaint is filed.  In their briefs both parties argue the two errors together.

In the instant case both employees actually made oral complaints to the Department of Labor.  The appellant therefore confines his contention with reference to the first error to the point that he has a right to know the terms of the complaint and that he cannot be compelled to produce

---

[1] Such an order is final and therefore appealable.  *Ellis* v. *In. Com. Comm.,* 237 U. S. 434; *Cobbledick* v. *United States,* 309 U. S. 323; *Penfield Co. of Cal.* v. *Securities and Exch. Com'n,* 143 F. 2d 746, cert. denied, 323 U. S. 768.

the documents until he has been informed thereof in writing. We do not agree. It is true that § 5 imposes on the Commissioner the duty of investigating complaints of this nature. But even if there be no complaint at all, § 5 also requires the Commissioner to make the appropriate investigation when he may have reason to believe that a law protecting labor is being violated.[2] Since the appellant could be compelled to produce his books even without a complaint, there is no basis for his contention that he is entitled to the details in writing of a complaint before he can be required to produce his records.   *Okla. Press Pub. Co.* v. *Walling*, 327 U. S. 186.[3]

---

[2] Section 5 reads in part as follows:

"It shall be the duty of the Commissioner to enforce the labor protecting laws.

"The Commissioner or any employee of the Department of Labor designated by him, shall investigate every complaint alleging the violation of any of the labor protecting laws now in force or hereafter enacted.

"It shall also be the duty of the Commissioner to make, personally or through any employee of the Department of Labor designated by him, the proper investigation, when he may have reason to believe that in any industry, business, or occupation, or in the specific case of any workmen, any of the labor protecting laws now in force or hereafter enacted is being violated.

"In the discharge of such duty to investigate, or of any other duties imposed on him by this Act, or hereafter imposed on him by any other Act, and in the exercise of the faculties thereby vested or which may be vested in him, the Commissioner of Labor, or his duly authorized agents, may hear testimony, take oaths, issue summonses to compel the appearance of witnesses and the production of any evidence, documentary or otherwise, which the said Commissioner of Labor may deem necessary, including payrolls, accounting books, records, of wages and working hours, and pay lists.

"If a summons issued by the Commissioner of Labor or his agents is not duly obeyed, the Commissioner of Labor may appear before any district court and apply for an order demanding obedience to said summons. District courts shall have jurisdiction to enter judicial orders compelling the appearance of witnesses or the production of any evidence, documentary or otherwise, that the Commissioner of Labor or his agents may have previously required.   District courts shall have power to punish for contempt the disobedience to such orders."

[3] In the *Oklahoma Press Publishing Co.* case the court said at pp. 198–201:

"Section 11(a) expressly authorized the Administrator to 'enter and inspect such places and such records (and make such transcriptions

As to the second error, the appellant's brief contains no discussion of the issue of constitutionality. We could therefore dispose of the case without any discussion of this point. In any event, the matter has been clearly settled by the *Oklahoma Press Publishing Company* case, which upheld a similar Federal statute, ruling that such powers of investigation and subpoena on the part of the Federal Administrator are equal to those of a grand jury, and that the exercise thereof is governed by the same limitations, which do not include any requirement that a complaint must be filed before an employer can be compelled to produce his records. See also, *Interstate Commerce Comm.* v. *Brimson*, 154 U. S. 447.

Although he does not assign a specific error with reference thereto, the appellant also makes the point that his records had already been previously examined by an investigator of the Department of Labor. The Commissioner argues on the contrary that the record shows merely that the investigator visited the defendant by virtue of a "friendly invitation", but no examination or investigation was made in the real sense of those terms. We see no purpose in discussing this point. Even assuming the books have already been previously examined by the investigator, § 5 clearly contemplates that, for reasons of administrative convenience, the employer may be required to produce them in the

---

thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this Act, or which may aid in the enforcement of the provisions of this Act.' The subpoena power conferred by § 9 (through adoption of § 9 of the Federal Trade Commission Act) is given in aid of this investigation and, in case of disobedience, the district courts are called upon to enforce the subpoena through their contempt powers, without express condition requiring showing of coverage.

"In view of these provisions, with which the Administrator's action was in exact compliance, this case presents an instance of 'the most explicit language' which leaves no room for questioning Congress' intent. The very purpose of the subpoena and of the order, as of the authorized investigation, is to discover and procure evidence, not to prove a pending charge or complaint, but upon which to make one if, in the Administrator's judgment, the facts thus discovered should justify doing so."

offices of the Department, provided always, as the Commissioner concedes, the order is not unreasonable or oppressive and adequate precautions are taken to prevent their loss or mutilation. *Okla. Press Pub. Co.* v. *Walling, supra,* pp. 216–18.

The order of the district court will be affirmed.